UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JONATHAN D. DREWRY #521142, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | NO. 3:17-cv-00237 |
| ) | CHIEF JUDGE CRENSHAW |
| WARDEN KEVIN GENOVESE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

The *pro se* Petitioner is a state inmate serving a sentence of twenty-five years pursuant to a plea agreement for his plea of guilty to one count each of aggravated rape, aggravated assault, and aggravated kidnapping. He seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) His petition will be denied for the reasons set forth below.

### I. PROCEDURAL HISTORY AND FACTS

Petitioner was indicted in Williamson County, Tennessee, on June 11, 2012, for aggravated rape, attempted second degree murder, aggravated kidnapping, and aggravated assault, all of which were alleged to have occurred on February 13, 2012. (Doc. No. 11-1 at 4–6.) On April 23, 2013, he filed a petition to waive trial and enter a guilty plea, along with a negotiated agreement to plead guilty to aggravated rape, aggravated assault, and aggravated kidnapping. (Id. at 9–12.) The agreement called for him to serve an effective sentence of 25 years at 100%, with all three counts running concurrently, and the attempted murder charge was dropped. (Id. at 10.)

The trial court held a hearing that same day, at which the Petitioner said that he and his attorney had discussed all of the elements of every crime to which he was pleading guilty, and that he understood that the state would have to prove each element beyond a reasonable doubt. (Id. at

81–82.) The court also heard from the prosecutor about the factual basis for the plea:

> GEN. BORNE: Yes, sir. Had this case proceeded to trial the State's proof would be that on February 13 of 2012, Detective Cisco with the Franklin Police Department reported to Williamson Medical Center in reference to a rape victim who was being transported there. At the same time she made contact with the victim in this case, Gloria McGowan. After making contact with her and through further investigation and making contact with the defendant as well, Detective Cisco discovered that on February 13th of 2012, the victim, Gloria McGowan, had been staying at 4201 Franklin Commons Court here in Williamson County, Tennessee, room 104 with -- room 104 which is the Quality Inn here in Williamson County. She had left her hotel room to go to the Shoney's across the street where she ate a dinner and came in contact with defendant in this case, Jonathan Drewry. She proceeded from Shoney's back to the Quality Inn to her room at room number 104. She received a call from the front desk advising that the defendant in this case, Jonathan Drewry, was there to return approximately $40 to her that she had left behind in the booth.
>
> The victim was advised -- was advised that he wanted to return the money and the defendant then did come to her room, 104, and asked -- gave her $40 and she asked him at that point if he would like to have a drink.
>
> The victim stated that they ran out of alcohol and the defendant went to the liquor store and returned to her room with more alcohol. Once inside the two began to drink and the defendant began to rub her leg and make sexual advances toward her. The victim stated that she did not -- asked him to please stop and that he was too young for her. The victim was then thrown down by the defendant in the chair and he stated to her, "Shut up, you will like it." The victim stated she tried to stand up, he slapped her, knocking her to the ground and then proceeded to pull her pants off. He then proceeded -- the defendant proceeded to rape her by penetrating her vaginally with his penis.
>
> At that point he began to choke her, pulled her shirt over her face. While he was doing this, she was resisting and fighting, kicking and screaming.
>
> The victim was able to get away from the suspect and ran out naked out of the room, down the breezeway screaming for help.
>
> The defendant was then able to grabbed [sic] the victim by her leg and drug her back into the room where at that point he stated he was the angel of death and was going to kill her.
>
> The defendant then began choking the victim as hard as he could until she passed out. The victim eventually came back, received consciousness and was able to grabbed [sic] him by the genitals during the incident and ran out of the room as fast as she could where she made contact with a manager at the hotel lobby where they then called the police.
>
> Detective Cisco noticed the victim had numerous bruises all over her body, scratches and rash on her left hip where she was drug on the ground by the

defendant.

That will be the State's proof in this case.

(Doc. No. 11-1 at 89–92.) The judge asked Petitioner if he had heard the prosecutor's recitation of the facts, which he had. (Id. at 92.) The judge and Petitioner then had the following exchange:

> THE COURT·: All right, sir. Are those facts substantially true and correct as to each one of these offenses?
>
> MR. DREWRY: Yes, sir.
>
> THE COURT: All right. Are you in fact first of all guilty of aggravated rape?
>
> MR. DREWRY: Yes, sir.
>
> THE COURT: Are you in fact guilty of aggravated assault?
>
> MR. DREWRY: Yes, sir.
>
> THE COURT: Are you in fact guilty of aggravated kidnapping?
>
> MR. DREWRY: Yes, sir.

(Id. at 92.) At the conclusion of the hearing, the trial court accepted Petitioner's guilty plea and entered judgment consistent with the negotiated agreement. (Id. at 13–17, 92–93.)

In March 2014, Petitioner submitted a *pro se* petition for post-conviction relief in state court, asserting that his plea was not knowing and voluntary, and that he had received ineffective assistance of counsel. (Doc. No. 11-1 at 18–26.) The trial court appointed counsel, who filed an amended post-conviction petition on August 14, 2014. (Id. at 38–39, 50–56.) The court held a hearing on March 26, 2015, at the conclusion of which the court granted Petitioner's motion to amend his petition to conform to the evidence by adding a claim that he would not have accepted the plea deal if he had been aware of all the evidence his trial counsel failed to share with him. (Doc. No. 11-4 at 147–48.) The trial court denied post-conviction relief on September 22, 2015. (Doc. No. 11-2 at 70–79.) The Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief, and the Tennessee Supreme Court declined to hear a discretionary appeal. (Doc. Nos. 11-8, 11-9.)

Petitioner now seeks a federal writ of habeas corpus pursuant to 28 U.S.C. § 2254, and

Respondent acknowledges that his petition is timely. (Doc. No. 12 at 3.)

## II. ISSUES PRESENTED FOR REVIEW

The petition asserts three claims for relief:

1. The trial court did not confirm that Petitioner's plea was knowing and voluntary, in violation of Rule 11 of the Tennessee Rules of Criminal Procedure. (Doc. No. 1 at 5.)

2. Petitioner's trial counsel was ineffective for: (a) coercing Petitioner to plead guilty; (b) failing to provide him with copies or adequately review discovery materials with him; and (c) failing to move to suppress the fruits of the violation of Petitioner's Fourth Amendment rights. (Id. at 7.)

3. Petitioner's post-conviction counsel was ineffective for failing to raise claims of prosecutorial misconduct, and claims about the involuntariness of his plea. (Id. at 9.)

## III. STANDARD OF REVIEW

The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). A federal court may grant habeas relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Upon finding a constitutional error on habeas corpus review, a federal court may only grant relief if it finds that the error "had substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); Peterson v. Warren, 311 F. App'x 798, 803–04 (6th Cir. 2009).

AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases . . . and 'to further the principles of comity, finality, and federalism.'" Woodford v. Garceau, 538 U.S. 202, 206 (2003) (quoting Williams v. Taylor, 529 U.S. 362, 436 (2000)). AEDPA's requirements "create an independent, high standard to be met before a federal court may issue a writ of habeas corpus to set aside state-court rulings." Uttecht v. Brown, 551 U.S. 1, 10 (2007) (citations omitted). As the Supreme Court has explained,

4

AEDPA's requirements reflect "the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Harrington v. Richter, 562 U.S. 86, 102–03 (2011) (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979)). Where state courts have ruled on a claim, AEDPA imposes "a substantially higher threshold" for obtaining relief than a de novo review of whether the state court's determination was incorrect. Schriro v. Landrigan, 550 U.S. 465, 473 (2007) (citing Williams v. Taylor, 529 U.S. 362, 410 (2000)).

Specifically, a federal court may not grant habeas relief on a claim rejected on the merits in state court unless the state decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (d)(2). A state court's legal decision is "contrary to" clearly established federal law under § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. at 412–13. An "unreasonable application" occurs when "the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. A state court decision is not unreasonable under this standard simply because the federal court finds it erroneous or incorrect. Id. at 411. Rather, the federal court must determine that the state court's decision applies federal law in an objectively unreasonable manner. Id. at 410–12.

Similarly, a district court on habeas review may not find a state court factual determination to be unreasonable under § 2254(d)(2) simply because it disagrees with the determination; rather,

5

the determination must be "'objectively unreasonable' in light of the evidence presented in the state court proceedings.'" Young v. Hofbauer, 52 F. App'x 234, 236 (6th Cir. 2002). "A state court decision involves 'an unreasonable determination of the facts in light of the evidence presented in the State court proceeding' only if it is shown that the state court's presumptively correct factual findings are rebutted by 'clear and convincing evidence' and do not have support in the record." Matthews v. Ishee, 486 F.3d 883, 889 (6th Cir. 2007) (quoting § 2254(d)(2) and (e)(1)); but see McMullan v. Booker, 761 F.3d 662, 670 and n.3 (6th Cir. 2014) (observing that the Supreme Court has not clarified the relationship between (d)(2) and (e)(1) and the panel did not read Matthews to take a clear position on a circuit split about whether clear and convincing rebutting evidence is required for a petitioner to survive (d)(2)). Moreover, under § 2254(d)(2), "it is not enough for the petitioner to show some unreasonable determination of fact; rather, the petitioner must show that the resulting state court decision was 'based on' that unreasonable determination." Rice v. White, 660 F.3d 242, 250 (6th Cir. 2011).

Thus the standard set forth in 28 U.S.C. § 2254(d) for granting relief on a claim rejected on the merits by a state court "is a 'difficult to meet' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'" Cullen v. Pinholster, 563 U.S. 170, 181 (2011) (quoting Harrington, 562 U.S. at 102, and Woodford v. Visciotti, 537 U.S. 19, 24 (2002) (per curiam)). Petitioner carries the burden of proof. Pinholster, 563 U.S. at 181.

Even that demanding review, however, is ordinarily only available to state inmates who have fully exhausted their remedies in the state court system. 28 U.S.C. §§ 2254(b) and (c) provide that a federal court may not grant a writ of habeas corpus on behalf of a state prisoner unless, with certain exceptions, the prisoner has presented the same claim sought to be redressed in a federal

6

habeas court to the state courts. Cullen v. Pinholster, 563 U.S. at 182. This rule has been interpreted by the Supreme Court as one of total exhaustion. Rose v. Lundy, 455 U.S. 509 (1982). Thus, each and every claim set forth in the federal habeas corpus petition must have been presented to the state appellate court. Picard v. Connor, 404 U.S. 270 (1971); see also Pillette v. Foltz, 824 F.2d 494, 496 (6th Cir. 1987) (exhaustion "generally entails fairly presenting the legal and factual substance of every claim to all levels of state court review"). Moreover, the substance of the claim must have been presented as a federal constitutional claim. Gray v. Netherland, 518 U.S. 152, 162–63 (1996).

The procedural default doctrine is ancillary to the exhaustion requirement. See Edwards v. Carpenter, 529 U.S. 446 (2000) (noting the interplay between the exhaustion rule and the procedural default doctrine). If the state court decides a claim on an independent and adequate state ground, such as a procedural rule prohibiting the state court from reaching the merits of the constitutional claim, a petitioner ordinarily is barred from seeking federal habeas review. Wainwright v. Sykes, 433 U.S. 72, 81–82 (1977); see also Walker v. Martin, 562 U.S. 307, 315 (2011) ("A federal habeas court will not review a claim rejected by a state court if the decision of the state court rests on a state law ground that is independent of the federal question and adequate to support the judgment"); Coleman v. Thompson, 501 U.S. 722 (1991) (same). If a claim has never been presented to the state courts, but a state court remedy is no longer available (e.g., when an applicable statute of limitations bars a claim), then the claim is technically exhausted, but procedurally barred. Coleman, 501 U.S. at 731–32.

If a claim is procedurally defaulted, "federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in

fundamental miscarriage of justice." Coleman, 501 U.S. at 750. The burden of showing cause and prejudice to excuse defaulted claims is on the habeas petitioner. Lucas v. O'Dea, 179 F.3d 412, 418 (6th Cir. 1999) (citing Coleman, 501 U.S. at 754). "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him [;] ... some objective factor external to the defense [that] impeded ... efforts to comply with the State's procedural rule." Coleman, 501 U.S. at 753 (emphasis in original). Examples of cause include the unavailability of the factual or legal basis for a claim or interference by officials that makes compliance "impracticable." Id. To establish prejudice, a petitioner must demonstrate that the constitutional error "worked to his actual and substantial disadvantage." Perkins v. LeCureux, 58 F.3d 214, 219 (6th Cir. 1995) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)); see also Ambrose v. Booker, 684 F.3d 638, 649 (6th Cir. 2012) (finding that "having shown cause, petitioners must show actual prejudice to excuse their default"). "When a petitioner fails to establish cause to excuse a procedural default, a court does not need to address the issue of prejudice." Simpson v. Jones, 238 F.3d 399, 409 (6th Cir. 2000). Likewise, if a petitioner cannot establish prejudice, the question of cause is immaterial.

Because the cause and prejudice standard is not a perfect safeguard against fundamental miscarriages of justice, the United States Supreme Court has recognized a narrow exception to the cause requirement where a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. Dretke v. Haley, 541 U.S. 386, 392 (2004) (citing Murray v. Carrier, 477 U.S. 478, 495–96 (1986)); accord Lundgren v. Mitchell, 440 F.3d 754, 764 (6th Cir. 2006).

## IV. ANALYSIS AND DISCUSSION

### A. CLAIM 1 – VOLUNTARINESS OF GUILTY PLEA

The post-conviction court denied relief on Petitioner's claim that the court had failed to advise him of his rights and ensure that his plea was knowing and voluntary, in violation of Rule 11 of the Tennessee Rules of Criminal Procedure. (Doc. No. 11-2 at 72–74.) Contrary to what he asserts in his pending petition (see Doc. No. 1 at 5–6), Petitioner did not include that claim in his appeal to the Tennessee Court of Criminal Appeals. (Doc. No. 11-6; Doc. No. 11-8 at 7.) Accordingly, this claim is procedurally defaulted.

Petitioner has not identified any external cause excusing the default of this claim. Accordingly, even if the Court construed the claim to raise a federal constitutional issue, it is not subject to federal habeas review. Coleman, 501 U.S. at 750.

### B. CLAIM 2 – INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

There are three components to Petitioner's ineffective-assistance claim. He alleges that:

1. Counsel coerced him into pleading guilty by threatening to withdraw from his case if he went to trial;
2. Counsel failed to provide him with copies of or discuss relevant discovery materials; and
3. Counsel failed to move to suppress the fruits of his illegal, warrantless arrest.

(Doc. No. 1 at 7.) Petitioner raised sub-claims 2.1 and 2.2 in his state appellate brief. (Doc. No. 11-6 at 15–17(sub-claim 2.1), 17–18 (sub-claim 2.2).) The Tennessee Court of Criminal Appeals rejected them:

> On appeal, the Petitioner maintains that the post-conviction court erred in denying relief because Counsel was ineffective. The Petitioner contends that Counsel rendered deficient performance by telling the Petitioner, one year into her representation, that she would withdraw if he did not accept the plea offer and decided to proceed to trial. He further contends that Counsel's performance was deficient because she failed to provide him with discovery. The Petitioner asserts

that, without the discovery materials, he was unable to form a knowing and intelligent decision about pleading guilty. The State responds that there is no evidence that Counsel rendered deficient performance or that the Petitioner suffered prejudice from any alleged deficiency. We agree with the State.

In order to obtain post-conviction relief, a petitioner must show that his or her conviction or sentence is void or voidable because of the abridgment of a constitutional right. T.C.A. § 40-30-103 (2014). The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence. T.C.A. § 40-30-110(f) (2014). Upon review, this Court will not re-weigh or re-evaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the trial judge, not the appellate courts. Momon v. State, 18 S.W.3d 152, 156 (Tenn. 1999) (citing Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997)). A post-conviction court's factual findings are subject to a de novo review by this Court; however, we must accord these factual findings a presumption of correctness, which can be overcome only when a preponderance of the evidence is contrary to the post- conviction court's factual findings. Fields v. State, 40 S.W.3d 450, 456-57 (Tenn. 2001). A post-conviction court's conclusions of law are subject to a purely *de novo* review by this Court, with no presumption of correctness. Id. at 457.

The right of a criminally accused to representation is guaranteed by both the Sixth Amendment to the United States Constitution and article I, section 9, of the Tennessee Constitution. State v. White, 114 S.W.3d 469, 475 (Tenn. 2003); State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). The following two-prong test directs a court's evaluation of a claim for ineffectiveness:

> First, the [petitioner] must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the [petitioner] by the Sixth Amendment. Second, the [petitioner] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable. Unless a [petitioner] makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Strickland v. Washington, 466 U.S. 668, 687 (1984); see also State v. Melson, 772 S.W.2d 417, 419 (Tenn. 1989).

In reviewing a claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. Baxter, 523 S.W.2d at 936. To prevail on a claim of ineffective assistance of counsel, "a petitioner must show that counsel's representation fell below an objective standard of reasonableness." House v. State, 44 S.W.3d 508, 515 (Tenn. 2001) (citing Goad v. State, 938 S.W.2d

363, 369 (Tenn. 1996)).

When evaluating an ineffective assistance of counsel claim, the reviewing court should judge the attorney's performance within the context of the case as a whole, taking into account all relevant circumstances. Strickland, 466 U.S. at 690; State v. Mitchell, 753 S.W.2d 148, 149 (Tenn. Crim. App. 1988). The reviewing court should avoid the "distorting effects of hindsight" and "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland, 466 U.S. at 689-90. In doing so, the reviewing court must be highly deferential and "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Burns, 6 S.W.3d at 462. Finally, we note that a defendant in a criminal case is not entitled to perfect representation, only constitutionally adequate representation. Denton v. State, 945 S.W.2d 793, 796 (Tenn. Crim. App. 1996). In other words, "in considering claims of ineffective assistance of counsel, "we address not what is prudent or appropriate, but only what is constitutionally compelled.'" Burger v. Kemp, 483 U.S. 776, 794 (1987) (quoting United States v. Cronic, 466 U.S. 648, 665 n.38 (1984)). Counsel should not be deemed to have been ineffective merely because a different procedure or strategy might have produced a different result. Williams v. State, 599 S.W.2d 276, 279-80 (Tenn. Crim. App. 1980). "'The fact that a particular strategy or tactic failed or hurt the defense, does not, standing alone, establish unreasonable representation. However, deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation.'" House, 44 S.W.3d at 515 (quoting Goad, 938 S.W.2d at 369).

If the petitioner shows that counsel's representation fell below a reasonable standard, then the petitioner must satisfy the prejudice prong of the Strickland test by demonstrating "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; Nichols v. State, 90 S.W.3d 576, 587 (Tenn. 2002). This reasonable probability must be "sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994). In the context of a guilty plea, as in this case, the effective assistance of counsel is relevant only to the extent that it affects the voluntariness of the plea. Therefore, to satisfy the second prong of Strickland, the petitioner must show that there "is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985) (footnote omitted); see also Walton v. State, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997).

In a written order issued after the hearing, by its findings, the post-conviction court accredited Counsel's testimony that she reviewed all of the discovery materials with the Petitioner and that the Petitioner did not want to proceed to trial. The post-conviction court found that the Petitioner had failed to prove by clear and convincing evidence the allegations set forth in his petition and that the Petitioner had failed to prove any prejudice from Counsel's alleged deficient performance.

The evidence does not preponderate against the post-conviction court's findings.

> Counsel testified that she met with the Petitioner two times at the jail and seven or eight times at court. She stated that she had reviewed all discovery with the Petitioner as well as the results of both psychiatric evaluations and the possible impact of those evaluations. At the post-conviction hearing, the Petitioner acknowledged that during the evaluations, he exhibited a knowledge and understanding of some of the specific evidence alleged against him, while also maintaining that Counsel had not reviewed the evidence with him. Counsel testified that the Petitioner did not want a trial on the charges and, therefore, she worked toward a settlement.
>
> Accordingly, the Petitioner has failed to prove by clear and convincing evidence that Counsel's performance was deficient and that "but for" the alleged deficiency the Petitioner would have proceeded to trial. The Petitioner is not entitled to relief.

(Doc. No. 11-8 at 7–9.)

The state court correctly identified the Strickland standard applicable to federal claims of ineffective assistance of counsel. A federal court may not grant habeas relief on a claim that has been rejected on the merits by a state court, unless the petitioner shows that the state court's decision "was contrary to" law clearly established by the United States Supreme Court, or that it "involved an unreasonable application of" such law, or that it "was based on an unreasonable determination of the facts" in light of the record before the state court. 28 U.S.C. § 2254(d)(1) and (2); Williams v. Taylor, 529 U.S. 362, 412 (2000). Thus, when an exhausted claim of ineffective assistance of counsel is raised in a federal habeas petition, the question to be resolved is not whether the petitioner's counsel was ineffective. Rather, "[t]he pivotal question is whether the state court's application of the Strickland standard was unreasonable." Harrington v. Richter, 562 U.S. at 101. As the Supreme Court clarified in Harrington,

> This is different from asking whether defense counsel's performance fell below Strickland's standard. Were that the inquiry, the analysis would be no different than if, for example, this Court were adjudicating a Strickland claim on direct review of a criminal conviction in a United States district court. Under AEDPA, though, it is a necessary premise that the two questions are different. For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law. A state court must be granted a deference and latitude that are not in operation when the case involves review under the Strickland standard itself.

Id. (internal quotation marks and citation omitted).

Petitioner has not explained why he believes the state court's ruling was incorrect, much less unreasonable. The state court cited evidence supporting its decision, including trial counsel's testimony that she had reviewed all of the evidence with Petitioner, and his acknowledgment that counsel told him that if she withdrew from the case the court would appoint another lawyer to represent him. (Doc. No. 11-8 at 4, 5.) The state court also observed that counsel denied telling Petitioner that a new attorney would not have time to prepare for trial. (Id. at 6.) Essentially, Petitioner's claims boiled down to a dispute between him and his attorney about what she had and had not discussed with him, and the post-conviction court observed the testimony of both of them and found her more credible. The Supreme Court has cautioned that AEDPA "gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." Marshall v. Lonberger, 459 U.S. 422, 434 (1983). Accordingly, Petitioner has not established that he is entitled to relief on either of these sub-claims.

Petitioner raised sub-claim 2.3, regarding counsel's failure to file a motion to suppress, in his amended post-conviction petition in state court. (Doc. No. 11-1 at 53.) But he did not raise it in his appeal to the Tennessee Court of Criminal Appeals. (Doc. No. 11-6.) In some circumstances, Martinez v. Ryan, 566 U.S. 1 (2012), can provide a means for habeas petitioners to establish cause to overcome the default of a claim of ineffective assistance by trial counsel. But Martinez does not apply to claims that were raised at post-conviction and defaulted on post-conviction appeal. Atkins v. Holloway, 792 F.3d 654, 661 (6th Cir. 2015). Accordingly, Petitioner's sub-claim 2.3 is defaulted without cause, and is not subject to further review. Coleman v. Thompson, 501 U.S. 722, 750 (1991).

B. CLAIM 3 – INEFFECTIVE ASSISTANCE OF POST-CONVICTION COUNSEL

Petitioner alleges that his post-conviction counsel was ineffective for failing to raise several claims of prosecutorial misconduct and due process violations. (Doc. No. 1 at 9.)

Ineffective assistance of counsel during post-conviction proceedings does not raise a cognizable habeas claim, because there is no constitutional right to effective counsel at post-conviction. Coleman, 501 U.S. at 752 ("There is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings.") (citations omitted). Claim 3, therefore, does not state a viable claim for habeas relief.

## VI. CONCLUSION

Petitioner's claims are all either defaulted or fail on their merits for the reasons set forth above. Accordingly, the Court will deny the requested relief and dismiss the petition.

An appropriate Order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE